UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-452-FDW

| OBADIAH DOCTOR, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al., | ) |
| Defendants. | ) |

*Pro se* Plaintiff brought this action on August 29, 2015. (Doc. No. 1). The case passed initial review with regards to Defendants Marshall, Parker, Melin,[1] Hoyle, and Harris. (Doc. No. 20). The Court granted Plaintiff leave to file a Second Amended Complaint, which he declined to do. The Court ordered Plaintiff to fill out and return summons forms for Defendants, which he only did after being ordered to show cause why he had failed to do so. (Doc. No. 21). Defendant Melin was served and filed an Answer and Motion to Dismiss. (Doc. Nos. 31, 32). The Court issued an Order informing Petitioner of the importance of responding to the Motion to Dismiss and cautioning him that failure to respond would likely result in the Court granting the relief she seeks. (Doc. No. 35). Meanwhile, the Court ordered the Clerk to commence the procedure for waiving service of process pursuant to Local Rule 4.3. (Doc. No. 36). On May 15, 2018, the Court ordered Plaintiff to show cause by June 1, 2018, why this case should not be dismissed for failure to prosecute. (Doc. No. 40). He was cautioned that the failure to file a timely response would result in dismissal of this action without prejudice. He has not responded and the time to do so has now

---
[1] Actually Barbara Compton.

1

expired.

Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."); Link v. Wabash R.R. Co., 370 U.S. 626, 631-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order). Before dismissing a case for failure to prosecute, a district court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Plaintiff has not complied with the Court's Orders to respond to Defendant Melin's Motion to Dismiss, or to the Order to Show Cause why this action should not be dismissed for lack of prosecution. It appears that Plaintiff, who is no longer incarcerated, has abandoned this action. This action will therefore be dismissed without prejudice. The pending Motions are denied as moot.

**IT IS, THEREFORE, ORDERED that:**

(1) This action is **DISMISSED** without prejudice for Plaintiff's failure to prosecute pursuant to this Court's Orders dated March 13, 2018, and May 15, 2018.

(2) The pending Motion to Dismiss, (Doc. No. 32), and Motion for Hearing, (Doc. No. 33), are **DENIED** as moot.

(3) The Clerk of this Court is directed to terminate this action.

(4) The Clerk is instructed to mail a copy of this Order to the U.S. Marshals Service.

Signed: June 25, 2018

Frank D. Whitney
Chief United States District Judge